Filed 5/20/13  P. v. Cosey CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C071253 |
| Plaintiff and Respondent, | (Super. Ct. No. 10F03099) |
| v. | |
| STEFAN DWAYNE COSEY, | |
| Defendant and Appellant. | |

Convicted of oral copulation with a young minor (Pen. Code, § 288.7) and having served two prior prison terms (Pen. Code, § 667.5, subd. (b)), defendant Stefan Dwayne Cosey was sentenced to 15 years to life in prison.  He contends on appeal that the trial court erred in ordering him to pay booking and classification fees (Gov. Code, § 29550.2) without first finding he had the ability to pay those fees.  He further contends the People failed to prove the fees were actually incurred.  Finally, he argues that he was entitled to a jury determination of both his ability to pay the fees and whether they were actually incurred.

Given the nature of defendant's claims and the lack of objection below, we dispense with a summary of the facts of defendant's conviction and proceed directly to our discussion of his claims. As we will explain, we decline to address his first two contentions and disagree with his last. Accordingly, we shall affirm the judgment.

**DISCUSSION**

I

*Forfeiture*

Defendant complains of two fees imposed by the trial court at sentencing--a main jail booking fee of $270.17 and a main jail classification fee of $51.34 (see Gov. Code, § 29550.2). At the time of sentencing, defendant did not object to the fees' imposition. He now contends these fees must be stricken because the trial court failed to assess and find his ability to pay, and also because the record lacks evidence of proof of "actual" costs.

The People argue defendant has forfeited these challenges to the fees at issue because he raised no objection to their imposition or amount in the trial court. We agree. We have repeatedly held that failure to object in the trial court based on lack of ability to pay forfeits the contention of error. (See *People v. Crittle* (2007) 154 Cal.App.4th 368, 371; *People v. Hodges* (1999) 70 Cal.App.4th 1348, 1357; *People v. Gibson* (1994) 27 Cal.App.4th 1466, 1468-1469; see also *People v. McMahan* (1992) 3 Cal.App.4th 740, 749-750 [defendant knowledgeable about his ability to pay, and his failure to object to fine recommended by probation officer or offer contrary evidence forfeited claim].) Recently, our Supreme Court agreed with this view. (*People v. McCullough* (Apr. 22, 2013, S192513) ___ Cal.4th ___.)

II

*Right to a Jury*

Lastly, defendant argues he was entitled to a jury determination of his *ability to pay* the two fees at issue, as well as the *amounts* of the fees actually incurred.[1]  Defendant relies on the recent United States Supreme Court decision, *Southern Union Co. v. United States* (2012) 567 U.S. __, __ [183 L.Ed.2d 318] (*Southern Union Co.*), to support his contention.  The criminal fines at issue in *Southern Union*, however, are materially different than the administrative fees at issue here.

In *Southern Union Co.*, the Supreme Court held that the Sixth Amendment right to a jury applies to "sentences of criminal fines." (*Southern Union Co., supra,* 567 U.S. at p. ___ [183 L.Ed.2d at p. 325].)  There, the violations at issue were punishable by, *inter alia*, a fine of up to $50,000 for each day of violation.  (*Southern Union Co., supra*, at p. ___ [183 L.Ed.2d at p. 325].)  A jury found Southern Union violated the law, but made no specific factual finding as to the number of days it was in violation.  (*Ibid.*)  The trial court imposed an aggregate fine of $38.1 million, concluding from the "'content and context of the verdict all together' that the jury found a 762-day violation." (*Id.* at p. ___ [183 L.Ed.2d at p. 326].)

_____

[1]  At the time of defendant's sentencing, courts had not yet held that the right to a jury determination applies to sentences of criminal fines.  Thus, defendant did not forfeit this claim by his failure to request a jury trial.  (See *People v. Black* (2007) 41 Cal.4th 799, 810 ["although challenges to procedures or to the admission of evidence normally are forfeited unless timely raised in the trial court, 'this is not so when pertinent law later changed so unforeseeably that it is unreasonable to expect trial counsel to have anticipated the change'"]; *People v. French* (2008) 43 Cal. 4th 36, 48 [waiver of jury trial on lewd conduct with child did not waive his right to jury trial of aggravating sentencing factor of taking advantage of position of trust and confidence, where at time of plea, no right to jury trial on such circumstance had been recognized].)  We note with disapproval that the People appear to have completely ignored this contention in their briefing.

The Supreme Court held that the district court's factual finding as to the number of days Southern Union committed the crime violated its Sixth Amendment right to a jury determination.  (*Southern Union Co., supra*, 567 U.S. at p. ___ [183 L.Ed.2d at p. 328].)  In reaching its decision, the Supreme Court held that "[c]riminal fines, like . . . other forms of punishment, are penalties inflicted by the sovereign for the commission of offenses."  (*Southern Union Co., supra*, at p. ___ [183 L.Ed.2d at p. 326].)

The instant case is eminently distinguishable from *Southern Union Co*.  Here, neither of the fees at issue is a penalty "inflicted by the sovereign for the commission of offenses."  (*Southern Union Co., supra*, 567 U.S. at p.___ [183 L.Ed.2d at p. 326].)  Rather, fees imposed pursuant to Government Code section 29550.2 (section 29550.2 fees) are administrative in nature, created to address a fiscal crisis in California "by allowing a county to recover costs incurred in booking or otherwise processing an arrested person who thereafter is convicted."  (*People v. Rivera* (1998) 65 Cal.App.4th 705, 707-708 (*Rivera*).)  Section 29550.2 fees are imposed "not as retribution for what the convicted criminal has done to a victim and/or society, but for his or her use of jail services as a result of the criminal behavior."  (*Rivera, supra*, 65 Cal.App.4th at p. 711.)

Moreover, section 29550.2 fees are limited to the actual costs incurred by the county.  (*Rivera, supra*, 65 Cal.App.4th at p. 708.)  Thus, unlike the criminal penalties imposed in *Southern Union Co*., section 29550.2 fees are "assessed against all convicted offenders who have the ability to pay, without regard to the nature or severity of their respective offenses."  (*Rivera, supra*, at p. 708.)  In short, section 29550.2 fees are *not* a penalty inflicted for the commission of crimes.  (Compare *Rivera, supra*, at pp. 708, 711 with *Southern Union Co*., at p. ___ [183 L.Ed.2d at p. 326].)

Defendant nevertheless argues the factual determination associated with section 29550.2 fees (defendant's ability to pay the fees and the amount of costs incurred by the county) are analogous to the trial court's determination (without jury input) of the

number of days Southern Union was in violation of federal environmental laws.  But these two determinations have little, if anything, in common.

In *Southern Union Co*., the trial court made a factual determination *that dramatically increased the actual amount of the fine imposed*, that is, the number of days the company was actually in violation of the law.  The factual determinations associated with section 29550.2 fees do not and cannot *increase* the amount of booking fees defendant is required to pay.  Defendant's comparison fails.  (See also *People v. Kramis* (2012) 209 Cal.App.4th 346, 351-352 [rev. den.] [rejecting the claim that *Southern Union* had any effect on the trial court's discretion to select an appropriate restitution fine between $200 and $10,000, in part because, by imposing the mandated fees, "The trial court did not make any factual findings that increased" the amount of the administrative fees, "beyond what the jury's verdict--the fact of the conviction--allowed"].)

We thus conclude defendant was not entitled to a jury determination regarding his ability to pay the booking fees, or the amount of costs incurred by the county.

### DISPOSITION

The judgment is affirmed.


                                                              DUARTE                          , J.



We concur:



        NICHOLSON            , Acting P. J.



        HULL                      , J.