[No. C029795. Third Dist. Apr. 2, 1999.]

THE PEOPLE, Plaintiff and Respondent, v.
TERRENCE TERRILL HODGES, Defendant and Appellant.

**COUNSEL**

Rodney Richard Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Stephen G. Herndon and Charles A. French, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**SIMS, Acting P. J.**—A jury convicted defendant Terrence Terrill Hodges of carrying a concealed firearm within a vehicle (Pen. Code, § 12025, subd. (a) (section 12025(a)); all further undesignated section references are to the Penal Code) and found that he had previously been convicted of misdemeanor possession of a concealed weapon under the same provision. The trial court suspended imposition of judgment and ordered defendant placed on formal probation for five years with conditions. The court also imposed a $156 booking fee pursuant to Government Code section 29550.2.

Defendant contends: (1) His initial detention pursuant to Sacramento City Code section 25.01.019-1 was unlawful because the ordinance is unconstitutionally vague. (2) Section 12025(a) is unconstitutionally vague. (3) Assuming section 12025(a) is not unconstitutionally vague, there was insufficient evidence of concealment. (4) Section 12025(a) arbitrarily and irrationally criminalizes conduct that minimizes the risk of harm from carrying weapons in vehicles. (5) Defendant was denied his right to a fair trial and the ability to mount an effective defense because trial counsel failed to secure the attendance of a critical corroborating witness. (6) A condition of probation was unlawful and the order imposing the booking fee should be stricken.

We shall affirm.

### FACTS

*Prosecution case.*

Sacramento Police Officer Thomas Higgins was parked around 24th and P Streets at 11:23 p.m. on July 29, 1996, watching for stop sign violators; the windows of his patrol car were down. He heard loud music coming from a car that was approaching from his rear. As the car came closer, the music got much louder. No other cars were in the area. When the car stopped, more than 50 feet from the intersection, Higgins could still hear the music.

Higgins followed the car until it parked, then got out of his car. The driver of the parked car, defendant, was sticking his left hand out the window, holding a wallet with a badge reading "security officer." Defendant identified himself as a "bounty hunter, security officer." In response to Higgins's question, defendant said there was a gun in his car inside a gun case.

After defendant stepped out of the car, Higgins saw the gun case behind the passenger seat, where defendant said it was. The case was not lockable and Higgins saw no lock in the car. The gun, also unlocked, was within

arm's reach of the driver's seat. Next to the gun inside the gun case was a loaded magazine.

Defendant had no permit to carry a concealed weapon.

*Defense case.*

Defendant testified that his radio was on before Higgins stopped him, but that it was not loud. According to defendant, the gun case had a lock on it when he was arrested, but when he retrieved the case from the police property division after his arrest the lock was missing. The key to the lock was on his key ring when he was arrested; he removed it and showed Higgins how to open the lock with the key, which Higgins did.

DISCUSSION

I

Defendant contends that all evidence resulting from Officer Higgins's stop should have been suppressed because the Sacramento city ordinance under which the officer made the stop is unconstitutionally vague. We disagree.

Defendant made no motion to suppress this evidence and raised no challenge to the ordinance at trial. However, defendant claims his trial counsel was ineffective for failure to challenge the ordinance in a motion to suppress; hence, we address the claim on the merits.

Sacramento City Code section 25.01.019-1, which we judicially notice (Evid. Code, §§ 452, subd. (a), 459), provides:

"(a) No person shall use or operate a radio, tape player, tape recorder, record player, television or similar device in a vehicle on a street, which is audible to a person of normal hearing sensitivity, more than twenty-five (25) feet from said vehicle.

"(b) As used in subsection (a) 'person of normal hearing sensitivity' means a person who has a hearing threshold level of between zero (0) decibels and twenty-five (25) decibels HL averaged over the frequencies 500, 1000, and 2000 Hertz.

"(c) Violation of this section is an infraction. The penalty for a first violation is a $100.00 fine; for a second violation within one (1) year, the penalty is a $200.00 fine; for each additional violation within one (1) year, the penalty is a $500.00 fine." (Sacramento City Code, § 25-01-019-1.)

■ "Due process requires fair notice of what conduct is prohibited. A statute must be definite enough to provide a standard of conduct for citizens and guidance for the police to avoid arbitrary and discriminatory enforcement. [Citations.] 'Void for vagueness simply means that criminal responsibility should not attach where one could not reasonably understand that his contemplated conduct is proscribed.' [Citation.] [¶] . . . A statute is not vague if . . . any reasonable and practical construction can be given to its language. Reasonable certainty is all that is required. [Citations.]" (*People* v. *Townsend* (1998) 62 Cal.App.4th 1390, 1400-1401 [73 Cal.Rptr.2d 438].)

■ Under this test the ordinance easily passes muster. It describes the prohibited conduct in readily understandable terms, using precisely quantified standards. Thus it provides reasonable certainty to citizens and the police. (See *Mann* v. *Mack* (1984) 155 Cal.App.3d 666, 674 [202 Cal.Rptr. 296] [upholding Los Angeles noise ordinance that proscribed willfully making " 'any loud, unnecessary, and unusual noise which disturbs the peace or quiet of any neighborhood' "].)

The fact that in some instances a driver could reasonably doubt whether a person with normal hearing could perceive the noise coming from the driver's vehicle more than 25 feet away does not render the statute arbitrary or standardless. "Many, probably most, statutes are ambiguous in some respects and instances invariably arise under which the application of statutory language may be unclear. So long as a statute does not threaten to infringe on the exercise of First Amendment or other constitutional rights, however, such ambiguities, even if numerous, do not justify the invalidation of a statute on its face. In order to succeed on a facial vagueness challenge to a legislative measure that does not threaten constitutionally protected conduct . . . a party must do more than identify some instances in which the application of the statute may be uncertain or ambiguous; he must demonstrate that 'the law is impermissibly vague in all of its applications.' [Citation]." (*Evangelatos* v. *Superior Court* (1988) 44 Cal.3d 1188, 1201 [246 Cal.Rptr. 629, 753 P.2d 585].) Defendant has offered no such demonstration.

Because a vagueness challenge to the ordinance would have had no chance of success, defendant cannot show that his trial counsel was ineffective for failing to move to suppress the evidence on this ground. (*People* v. *Shope* (1982) 128 Cal.App.3d 816, 825 [180 Cal.Rptr. 567] ["Appellant cannot have been prejudiced by counsel's failure to bring a futile pretrial suppression motion."].)

## II

■ Defendant next contends that section 12025(a) is unconstitutionally vague, another challenge he failed to raise below. We address it for the same

reason we addressed his challenge to the ordinance. Like that challenge, this one fails.

Section 12025(a) provides in part: "(a) A person is guilty of carrying a concealed firearm when he or she does any of the following: [¶] (1) Carries concealed within any vehicle which is under his or her control or direction any pistol, revolver, or other firearm capable of being concealed upon the person." Defendant claims this provision is vague because it does not define "concealed." We disagree.

Statutory terms are to be understood in their ordinary and usual meanings unless the context indicates otherwise. (*Woosley* v. *State of California* (1992) 3 Cal.4th 758, 775 [13 Cal.Rptr.2d 30, 838 P.2d 758].) To conceal is "**1**: to prevent disclosure or recognition of : avoid revelation of : refrain from revealing : withhold knowledge of : draw attention from : treat so as to be unnoticed . . . . **2**: to place out of sight : withdraw from being observed : shield from vision or notice . . . ." (Webster's New Internat. Dict. (3d ed. 1993) p. 469.) Applying these definitions, especially the second, there is no vagueness in the statute's use of the word "concealed." If a firearm is transported in a vehicle in such a manner as to be invisible unless its carrying case is opened, it is concealed in the ordinary and usual meaning of the term.

Defendant asserts: "Nothing informs that merely by placing a gun in a carrying case meant specifically for safe handling and transportation of a firearm one 'conceals' it in violation of the law." However, section 12025(a) must be read in conjunction with section 12026.1, which, as we shall explain, makes it lawful to transport a concealable firearm in a *locked* container. (See fn. 1, *post*.) The requirement that the container be locked reasonably informs citizens that transporting a concealed weapon in an *unlocked* container is unlawful. We therefore reject defendant's argument.

## III

■ Defendant further contends that there was insufficient evidence of concealment because Officer Higgins testified that he could easily recognize the gun case for what it was by looking into the car from outside. According to defendant, "[s]uch recognition defeats the element of concealment." This assertion is unsupported by the statutory language, authority, or common sense. Whether or not a trained officer can recognize a gun case from outside a car, if the driver is carrying a gun inside that case so that the gun cannot be seen from outside the car the gun is plainly "concealed."

Defendant asserts that the only issue in the case was whether the gun case was locked or unlocked. Although he fails to explain why, he is correct: as

the parties recognized below, section 12026.1 creates a defense to the charge of carrying a concealed weapon if the weapon is carried in a locked container.[1] Taking his insufficient evidence argument as a contention that no substantial evidence supported the jury's finding the case was unlocked, the contention fails because the jury must necessarily have found Officer Higgins's testimony that the case was unlocked more credible than defendant's testimony that it had a lock which somehow disappeared after the police took the case into custody.

## IV

██  Defendant next contends that section 12025(a) violates substantive due process on its face because it arbitrarily and irrationally criminalizes conduct ("concealing" guns in vehicles by carrying them in cases) that reduces the risk of harm from transporting guns in vehicles. We cannot agree.

██  "Generally, the constitutional guaranty of substantive due process protects against arbitrary legislative actions; it requires legislation not to be 'unreasonable, arbitrary, or capricious' but to have a 'real and substantial relation to the object sought to be attained.' [Citation.] Thus, legislation does not violate substantive due process so long as it reasonably relates 'to a proper legislative goal.' [Citations.]" (*Coleman* v. *Department of Personnel Administration* (1991) 52 Cal.3d 1102, 1125 [278 Cal.Rptr. 346, 805 P.2d 300].)

"Once it is established that the general prohibition furthers the legislative goal, the Legislature has wide discretion in determining what limits will be set on the prohibition. [Citation.] As long as the statute rationally serves its purpose, it is not made arbitrary or capricious because it might have been drawn more narrowly or widely." (*People* v. *Mitchell* (1994) 30 Cal.App.4th 783, 798 [36 Cal.Rptr.2d 150].)

---

[1]Section 12026.1 provides: "(a) Section 12025 shall not be construed to prohibit any citizen of the United States over the age of 18 years who resides or is temporarily within this state, and who is not within the excepted classes prescribed by Section 12021 or 12021.1 of this code or Section 8100 or 8103 of the Welfare and Institutions Code, from transporting or carrying any pistol, revolver, or other firearm capable of being concealed upon the person, provided that the following applies to the firearm:

"(1) The firearm is within a motor vehicle and it is locked in the vehicle's trunk or in a locked container in the vehicle other than the utility or glove compartment.

"(2) The firearm is carried by the person directly to or from any motor vehicle for any lawful purpose and, while carrying the firearm, the firearm is contained within a locked container.

"(b) The provisions of this section do not prohibit or limit the otherwise lawful carrying or transportation of any pistol, revolver, or other firearm capable of being concealed upon the person in accordance with this chapter.

"(c) As used in this section, 'locked container' means a secure container which is fully enclosed and locked by a padlock, key lock, combination lock, or similar locking device."

■ The Legislature could rationally have decided that a person who carries a concealed firearm in a vehicle, in an unlocked case which permits him immediate access to the firearm but impedes others from detecting its presence, poses an "imminent threat to public safety . . . ." (*People* v. *Marroquin* (1989) 210 Cal.App.3d 77, 81 [258 Cal.Rptr. 290].) In *Marroquin* the court held that it does not violate substantive due process to apply section 12025 even to *inoperable* concealed weapons because the Legislature could rationally seek to protect the public from "easily obtainable, concealable weapons used to perpetrate violent crime . . . irrespective of operability." (210 Cal.App.3d at pp. 81-82.) Contrary to defendant's position, we believe *Marroquin* was correctly decided. A fortiori, if inoperable concealed weapons properly come within the statute's proscription, so also do fully operable weapons which can immediately be removed from their cases.

V

■ Defendant contends he was denied a fair trial and the ability to mount an effective defense because trial counsel failed to secure the presence of a defense witness. However, he makes no intelligible argument supported by citation to the record on this issue. Instead he refers us to declarations filed in connection with a petition for habeas corpus. No such petition is before us. We conclude that this contention is waived on appeal. (*People* v. *Turner* (1994) 8 Cal.4th 137, 214, fn. 19 [32 Cal.Rptr.2d 762, 878 P.2d 521].)

VI

Finally, defendant challenges one probation condition and the imposition of a booking fee imposed pursuant to Government Code section 29550.2. These contentions are waived because defendant failed to raise them at the time of sentencing. (*People* v. *Welch* (1993) 5 Cal.4th 228, 234 [19 Cal.Rptr.2d 520, 851 P.2d 802]; *People* v. *Gibson* (1994) 27 Cal.App.4th 1466, 1468 [33 Cal.Rptr.2d 217].)

DISPOSITION

The judgment is affirmed.

Nicholson, J., and Morrison, J., concurred.

Appellant's petition for review by the Supreme Court was denied July 14, 1999.