Filed 3/25/13  P. v. Austin CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Amador)

----

| | |
|---|---|
| THE PEOPLE, | C071327 |
| Plaintiff and Respondent, | (Super. Ct. No. 12CR19513) |
| v. | |
| PAMELA AUSTIN, | |
| Defendant and Appellant. | |

Following her plea of guilty to bringing an illegal substance or alcohol into a jail facility (Pen. Code, § 4573.5), defendant Pamela Austin was ordered to pay a $63.50 criminal justice administration fee (Gov. Code, § 29550.2).  On appeal she contends the order must be reversed, as there was no determination she had the ability to pay the fee and no evidence supporting that finding.  We affirm.

**BACKGROUND**

Because of the nature of the claim on appeal, a detailed recitation of the underlying facts and procedural history is not necessary.

1

Defendant entered Mule Creek State Prison with a beer, a straw to consume methamphetamine, and .4 gram of methamphetamine. She was charged with bringing drugs into a state prison (Pen. Code, § 4573), bringing alcohol into a state prison (Pen. Code, § 4573.5), and misdemeanor being under the influence of a controlled substance (Health & Saf. Code, § 11550, subd. (a)). It was also alleged she had sustained a prior strike conviction. (Pen. Code, §§ 667, subds. (b) - (i), 1170.12, subd. (a)-(d).) Defendant pleaded guilty to bringing an illegal substance or alcohol into a jail facility in exchange for the midterm sentence. The plea form she signed indicated defendant understood, and agreed, that she would be ordered to pay a criminal justice administration fee.

In accordance with the plea, defendant was sentenced to the midterm of two years and awarded 25 days of presentence custody credits. Among the various fines and fees, the court imposed a $63.50 criminal justice administration fee pursuant to Government Code section 29550.2. Defendant did not object to the imposition of the fee. The court struck the prior strike conviction and the remaining counts were dismissed.

## DISCUSSION

Defendant contends there is insufficient evidence of her ability to pay the criminal justice administration fee, and thus the fee must be stricken. She contends her claim is cognizable on appeal despite her guilty plea, because she is challenging the sufficiency of the evidence, a challenge not forfeited by her failure to object in the trial court. The Attorney General disagrees, arguing defendant's failure to object below forfeited her claim on appeal. We agree with the Attorney General.

The right to appellate review of a nonjurisdictional sentencing issue is forfeited if it is not raised in the trial court. (*People v. Gonzalez* (2003) 31 Cal.4th 745, 751–755; *People v. Scott* (1994) 9 Cal.4th 331, 356.) We have previously applied this rule and held an objection must be made in the trial court to the imposition of fines based on the defendant's ability to pay or any claim of error on this basis is forfeited for purposes of appeal. (*People v. Crittle* (2007) 154 Cal.App.4th 368, 371 [crime prevention fine—Pen.

2

Code, § 1202.5, subd. (a)]; *People v. Hodges* (1999) 70 Cal.App.4th 1348, 1357 [jail booking fee—Gov. Code, § 29550.2].)  As noted by defendant, the Sixth Appellate District has reached a contrary conclusion (*People v. Pacheco* (2010) 187 Cal.App.4th 1392, 1397), and the California Supreme Court has agreed to resolve the conflict (see *People v. McCullough* (2011) 193 Cal.App.4th 864, review granted June 29, 2011, S192513).  However, until the Supreme Court issues further guidance, we continue to adhere to our previous holdings that a failure to object to a fee or fine in the trial court forfeits the issue.  Accordingly, we deem the issue forfeited here.

## DISPOSITION

The judgment is affirmed.


                                                                                RAYE           , P. J.



We concur:



        NICHOLSON        , J.



        DUARTE            , J.


3