Filed 5/7/13  P. v. Jared CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Glenn)

----

| | |
|---|---|
| THE PEOPLE, | C070974 |
| Plaintiff and Respondent, | (Super. Ct. No. 11NCR08777) |
| v. | |
| LISA MAELYNN JARED, | |
| Defendant and Appellant. | |

Defendant Lisa Maelynn Jared appeals following her convictions for transporting a controlled substance and misdemeanor counts of being under the influence of a controlled substance and possessing a hypodermic needle and syringe.  She contends: (1) the trial court erred in imposing a $200 fine plus penalty assessments without articulating the statutory basis of the fine as required by *People v. High* (2004) 119 Cal.App.4th 1192; (2) the record does not support a finding that she had the ability to pay the drug program fee; and (3) the jury should have been instructed on the law of transportation of controlled substances as defense counsel requested, despite the fact that such an instruction is contrary to California Supreme Court authority.  We find defendant forfeited her claim as to the drug program fee.  Also, we are bound by *Auto Equity Sales,*

1

*Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455 to follow decisions of our Supreme Court and find no instructional error. We agree, however, the matter must be remanded to the trial court to comply with the requirements of *High*.

BACKGROUND

Because of the nature of the claims on appeal, a detailed recitation of the substantive facts underlying this appeal is not necessary.

In January 2011, defendant was stopped as she was walking down the street by a patrol officer who suspected she was under the influence of a stimulant. She was discovered to have two used syringes in her pockets and her urine tested positive for benzodiazepine, marijuana, and methamphetamine. In August 2011, defendant was walking in a parking lot and was discovered to be in possession of psilocybin mushrooms in her backpack.

Defendant was charged with transporting a controlled substance, psilocybin, misdemeanor being under the influence of a controlled substance, and misdemeanor possession of a hypodermic needle and syringe. Following a jury trial, she was convicted on all three counts. Imposition of sentence was suspended and defendant was granted Proposition 36 probation. She was ordered to pay a restitution fund fine of $240 and a $240 probation revocation fee stayed upon successful completion of probation. She was also ordered to pay a court security fee of $120, a court facilities fee of $90, a drug program fee of $100, a crime lab fee of $50, a probation supervision fee of $25 per month, a drug testing fee of $15 per month, and an administrative fee of $35.

Lastly, she was ordered to "pay a fine of $200 plus penalty assessments." Defense counsel agreed to "waive articulation" of the statutory basis of the fine and fees. The minute order also reflects the imposition of a $200 fine plus penalty assessments with no indication of the statutory bases for this fine.

## DISCUSSION

## I

### *Basis For Imposition Of Fine And Penalty Assessments*

Defendant contends, and the People properly concede, that the matter should be remanded to the trial court for a proper articulation of the statutory bases of the "$200 fine and penalty assessments." Despite defendant's waiver, the matter must be remanded for compliance with *High.*

As we explained in *High* at sentencing, the trial court must provide a "detailed recitation of all the fees, fines and penalties on the record," including their statutory bases. All of these fines and fees must be set forth in the abstract of judgment or probation minute order. (*People v. High, supra,* 119 Cal.App.4th at p. 1200; *People v. Eddards* (2008) 162 Cal.App.4th 712, 717-718.) "[T]he inclusion of all fines and fees in the abstract may assist state and local agencies in their collection efforts. [Citation.]" (*High*, at p. 1200.) Since a defendant cannot waive a requirement that benefits another party, her waiver here does not satisfy the trial court's obligation to identify each fine and fee at sentencing and specify the statutory bases for all fines, fees, and assessments imposed upon her.

Here, the trial court mentioned the $200 fine and penalty assessments generally, but did not specify the statutory bases or the type and amount of the fees to be imposed upon defendant. Nor did the minute order identify the statutory bases of that $200 fine or applicable assessments. Accordingly, we must remand the case to the trial court for it to delineate the statutory bases of the $200 fine and assessments.

## II

### *Ability To Pay Drug Program Fee*

Defendant contends the record does not support the implicit finding that she had the ability to pay the drug program fee. She argues that since the statute is predicated on

3

ability to pay and no evidence suggested she had such ability, the fees were improperly imposed. The People counter that defendant forfeited the issue by not objecting to imposition of the fee in the trial court. We agree with the People.

This court has previously held that, if a defendant does not object in the trial court to the imposition of a fee or fine, the issue is forfeited. (*People v. Crittle* (2007) 154 Cal.App.4th 368, 371 [crime prevention fine -- Pen. Code, § 1202.5, subd. (a) ]; *People v. Hodges* (1999) 70 Cal.App.4th 1348, 1357 [jail booking fee -- Gov. Code, § 29550.2].) We have applied the forfeiture rule even when the claim on appeal is that there is not sufficient evidence to support the imposition of the fine or fee. (*People v. Gibson* (1994) 27 Cal.App.4th 1466, 1467, 1468–1469 [restitution fine—Gov. Code, former § 13967, subd. (a) ].) Consistent with these decisions, in *People v. McCullough* (Apr. 22, 2013, S192513) ___ Cal.4th ___ our Supreme Court recently held that a challenge to the sufficiency of the evidence to support a booking fee under Government Code section 29550.2 is forfeited if not raised in the trial court.

In light of *McCullough*, we adhere to the rule from our previous decisions that a failure to object to a fee or fine in the trial court forfeits the issue, even where the statute contemplates a judicial finding of ability to pay and the defendant challenges the sufficiency of the evidence to support such a finding. (*People v. Gibson, supra*, 27 Cal.App.4th at pp. 1467, 1468–1469.) "As a matter of fairness to the trial court, a defendant should not be permitted to assert for the first time on appeal a procedural defect in imposition of a restitution fine, i.e., the trial court's alleged failure to

4

consider defendant's ability to pay the fine. [Citation.] Rather, a defendant must make a timely objection in the trial court in order to give that court an opportunity to correct the error; failure to object should preclude reversal of the order on appeal." (*Id*. at p. 1468.) Not applying forfeiture principles in such cases not only encourages attorney gamesmanship, but depletes judicial resources and wastes taxpayer money. (See *Gibson*, at pp. 1468–1469.)

Accordingly, we conclude that defendant's failure to raise the issue of her ability to pay the drug program fees in the trial court precludes review for the first time on appeal.

III

*Instruction On Transportation Of Controlled Substance*

Defendant contends the trial court erred in denying counsel's request to instruct the jury that to find defendant guilty of transportation of a controlled substance, the People were required to "prove beyond a reasonable doubt that the Defendant intended to traffic in or distribute the Controlled Substance." She acknowledges this instruction is contrary to the authority of *People v. Rogers* (1971) 5 Cal.3d 129, but argues *Rogers* is wrongly decided and advises us she intends to seek further review in the California Supreme Court. As an intermediate court, we are bound to follow the decisions of our Supreme Court. (*Auto Equity Sales, Inc. v. Superior Court*, *supra*, 57 Cal.2d at p. 455.) Thus, we find no error.

DISPOSITION

The judgment is affirmed. The case is remanded for the court to comply with the dictates of *High* and *Eddards* and delineate the statutory bases for the $200 fine and any assessments attached to that fine. The trial court shall prepare an amended probation order identifying and specifying the statutory basis for each fine, fee, and assessment

5

imposed upon defendant and to forward a certified copy of the amended probation order to the sheriff's department.


                                   _____ROBIE_____, Acting P. J.


We concur:


_____MURRAY\_\_\_\_\_, J.


_____DUARTE\_\_\_\_\_, J.