Filed 8/2/13  P. v. Velasquez CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>DANIEL VELASQUEZ,<br><br>    Defendant and Appellant. | F064285<br><br>(Super. Ct. No. BF137599A)<br><br>**OPINION** |

### THE COURT\*

APPEAL from a judgment of the Superior Court of Kern County.  John R. Brownlee, Judge.

Allen G. Weinberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Michael A. Canzoneri and Barton Bowers, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Wiseman, Acting P.J., Detjen, J., and Franson, J.

# INTRODUCTION

On December 2, 2011, a jury found Daniel Velasquez (appellant) guilty of carjacking (Pen. Code, § 215, subd. (a), count 1)[1] and robbery (§§ 211 & 212.5, subd. (c), count 2).  In a bifurcated proceeding, the trial court found true allegations that appellant had a prior conviction within the meaning of the three strikes law (§§ 667, subds. (c)-(j) & 1170.12, subds. (a)-(e)) and a prior serious felony enhancement (§ 667, subd. (a)).  The court also found true six prior prison term enhancements (§ 667.5, subd. (b)).

On January 6, 2012, the trial court sentenced appellant to the midterm of five years on count 1, doubled the sentence to 10 years pursuant to the three strikes law, and stayed appellant's sentence on count 2 pursuant to section 654.  The court imposed sentence on five of the prior prison term enhancements and imposed a term of five years for the prior serious felony enhancement.[2]  Appellant's total prison term is 20 years.  The court granted total custody credits of 204 days, imposed a $200 restitution fine, a $10 crime prevention fine pursuant to section 1202.5, and other fines and fees.

Appellant contends that there is an error in the abstract of judgment, a point respondent concedes.  Appellant further contends that the trial court failed to make an ability to pay finding when it imposed a $10 crime prevention fine pursuant to section 1202.5.  We agree with respondent that appellant failed to raise his ability to pay at the sentencing hearing and has, therefore, forfeited the issue for appellate review.[3]

---

[1]     All further statutory references are to the Penal Code.

[2]     Because one of the prior prison term enhancements was for the same prior conviction for which appellant was sentenced for a serious felony enhancement, the court had to strike the sentence on that prior prison term allegation.  (*People v. Jones* (1993) 5 Cal.4th 1142, 1149-1153.)  The abstract of judgment, however, incorrectly indicates that the trial court stayed this prior prison term enhancement.

[3]     Because the only issues on appeal concern the abstract of judgment and the imposition of a fee, we do not recount the underlying facts of appellant's offense.

## ABSTRACT OF JUDGMENT

The trial court struck one of appellant's prior prison term enhancements. This was the correct procedure to follow as discussed in footnote 2 above. The abstract of judgment, however, incorrectly sets forth that one prior prison term enhancement was stayed. This was clearly clerical error that can be corrected at any stage of the proceedings. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185; *People v. Gonzalez* (2012) 210 Cal.App.4th 724, 744.) Accordingly, we will remand the action to have the abstract of judgment amended.

## ABILITY TO PAY

Appellant further contends that the trial court erred in imposing a $10 crime prevention fine because it failed to find that he had the ability to pay the fine. We agree, however, with respondent who argues that appellant failed to object to the fine based on his ability to pay it at the sentencing hearing and the issue is therefore forfeited.

The probation officer's report notified the parties that several fines, fees, and penalties were being sought as part of appellant's sentence. Among these was a $10 prevention of crime fee imposed pursuant to section 1202.5. Despite being notified that the People were seeking this fee prior to the sentencing hearing, appellant lodged no objection to the trial court's imposition of this fine, or to any other fine, fee or penalty.

Generally, the right to appellate review of a trial court's sentencing discretion, where a defendant fails to raise the issue to the trial court, is forfeited when raised for the first time on appeal. (*People v. Gonzalez* (2003) 31 Cal.4th 745-755; *People v. Scott* (1994) 9 Cal.4th 331, 356.) This rule has been applied to challenges to fines or fees challenged for the first time on appeal, including those asserting insufficiency of the evidence. (*People v. Valtakis* (2003) 105 Cal.App.4th 1066, 1069-1076; *People v. Hodges* (1999) 70 Cal.App.4th 1348, 1357.)

3

The trial court is the proper venue to litigate the ability to pay any fine, fee, or penalty because this is a factual issue. The exception to this requirement is where an appellate court is presented with a pure legal question involving the proper application of a fee, fine, or penalty. Appellant's challenge involves a factual question that he failed to raise to the trial court. This challenge is therefore forfeited. (*People v. McCullough* (2013) 56 Cal.4th 589, 592-599.)

## DISPOSITION

The case is remanded to the trial court to amend the abstract of judgment to show that one prior prison term enhancement was stricken, not stayed. The court shall forward the amended abstract of judgment to the appropriate authorities. The judgment is otherwise affirmed.