Filed 8/28/13; pub order 9/19/13 (see end of opn.)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>OCTAVIO AGUILAR,<br><br>    Defendant and Appellant. | A135516<br><br>(Contra Costa County<br>Super. Ct. No. 51202696) |

Octavio Aguilar appeals from a judgment entered following a felony domestic violence conviction. He does not challenge that conviction on appeal, but instead he contends the trial court imposed various fees, including attorney fees, without making the requisite finding of ability to pay. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant was charged with inflicting corporal injury (Pen. Code, § 273.5, subd. (a))[1] on Erika T., a woman who had lived with appellant for 14 years and was the mother of his child. The information further alleged a prior conviction for battery (§ 243) within seven years of the charged offense. (§ 273.5, subd. (e).)

A jury found appellant guilty of inflicting corporal injury on Erika T. Separately, the trial court found true the prior battery conviction allegation. The court, after declining to reduce the conviction to a misdemeanor, placed petitioner on probation on the condition that he serve 300 days in county jail. The court imposed, inter alia, the

---

[1] All further statutory references are to the Penal Code unless otherwise noted.

1

following fees:  (1) Attorney fees of $500 (§ 987.8, subd. (b)); (2) a probation supervision fee not to exceed $75 per month (§ 1203.1b, subd. (a)); and, (3) a "Criminal Assessment fee" of $564.  There appears to be no dispute the last item was the "criminal justice administration" fee found in the Government Code.  (See Gov. Code, §§ 29550-29550.3.)

The trial court noted that appellant might not be required to pay the full amount of these fees and costs.  The court stated:  "Many of these fees are going to be based on his ability to pay.  When he contacts the probation office, he'll fill out [a] fiscal financial assessment form and he can talk with the probation deputy about his ability to pay these various fees."  (See e.g., § 987.8, subd. (b) [court may order defendant to appear before a county officer to make an inquiry into the ability of the defendant to pay all or a portion of legal assistance provided].)

Appellant did not object to any of the fees or to the court's statement regarding the probation department's involvement in determining ability to pay.

## II. DISCUSSION

Appellant contends the trial court's order to pay attorney fees, the probation supervision fee, and the criminal justice administration fee must be reversed because the trial court made no finding of his ability to pay those fees and costs.  Each of the pertinent statutes condition imposition of those fees on a finding of ability to pay.  Appellant further contends there is no evidence in the record supporting the amount of probation supervision fee and the criminal justice administration fee, which are both limited to the actual costs thereof.  (See § 1203.1b, subd. (a) [reasonable cost of probation services and supervision shall not exceed actual average cost thereof]; Gov. Code, § 29550, subd. (a) [fee imposed by county shall not exceed actual administrative costs].)  For both contentions appellant relies on *People v. Pacheco* (2010) 187 Cal.App.4th 1392, 1399.

Our Supreme Court recently decided *People v. McCullough* (2013) 56 Cal.4th 589 (*McCullough*), in which it held a defendant who failed to contest a booking fee in the trial

2

court forfeited the right to challenge the fee on appeal.[2] (*Id.* at p. 591.) "[W]e hold here that because a court's imposition of a booking fee is confined to factual determinations, a defendant who fails to challenge the sufficiency of the evidence at the proceeding when the fee is imposed may not raise the challenge on appeal." (*Id.* at p. 597.) The Supreme Court expressly disapproved *People v. Pacheco, supra,* 187 Cal.App.4th 1392, to the extent it held a defendant could challenge, for the first time on appeal, the sufficiency of the evidence supporting a finding of ability to pay a booking fee. (*McCullough, supra,* 56 Cal.4th at p. 599.)

The booking fee at issue in *McCullough* appears to be the same fee the trial court here called a criminal assessment fee. (See *McCullough, supra,* 56 Cal.4th at p. 590-591 [referring to the criminal justice administration fee found in § 29550.2, subd. (a), as a booking fee].) Petitioner concedes in his supplemental brief that the assessment fee "falls within the ambit of *McCullough*." The reasoning of *McCullough,* however, applies to all the fees appellant claims were imposed without a finding of ability to pay.[3] In fact even before *McCullough*, the decision in *Pacheco* was an outlier, with most courts requiring an objection to preserve fine and fee issues for appeal. (See e.g., *People v. Nelson* (2011) 51 Cal.4th 198, 227 [defendant forfeited his challenge to victim restitution fine by failing to object at his sentencing hearing]; *People v. Crittle* (2007) 154 Cal.App.4th 368, 371 [defendant who did not raise issue of ability to pay crime prevention fee in trial court cannot raise issue on appeal]; *People v. Valtakis* (2003) 105 Cal.App.4th 1066, 1072 [failure to object in trial court to statutory error in the imposition of a probation fee under section 1203.1b waives the matter for purposes of appeal]; *People v. Hodges* (1999) 70 Cal.App.4th 1348, 1357 [appellate review of booking fee waived for failure to raise issue at time of sentencing]; see also *People v. Martinez* (1998) 65 Cal.App.4th 1511, 1518

---

[2] The Supreme Court issued its decision after the parties filed their opening briefs. We solicited and received supplemental briefing from the parties discussing the effect of *McCullough* on the issues raised in this appeal.

[3] That includes $10 per month for costs of alcohol testing that petitioner, for the first time in his supplemental brief, adds to his list of contested fees.

[any error by trial judge in failing to state reasons for not imposing drug program fee waived by the prosecution].)

Appellant tries to distinguish attorney fees and the probation fee from the booking fee. He even argues *McCullough* supports his contention that an objection is not required to challenge the ability to pay those fees on appeal. He relies on the fact that the relevant statutes (§§ 987.8; 1203.1b) allow the trial court to delegate the ability to pay determination to the probation department, subject to certain procedural requirements, guidelines, and court review of the probation department's recommendations. In *McCullough*, the Supreme Court contrasted the booking fee statutes with statutes that provide procedural guidelines (including §§ 987.8 and 1203.1b). (See *McCullough, supra,* 56 Cal.4th at p. 598-599.) The opinion states: "We note these statutes because they indicate that the Legislature considers the financial burden of the booking fee to be de minimis and has interposed no procedural safeguards or guidelines for its imposition. In this context, the rationale for forfeiture is particularly strong." (*Id.* at p. 599.)

We disagree with appellant's characterization of this part of the *McCullough* decision. The Supreme Court, in discussing statutes with procedural safeguards or guidelines, was merely providing an additional reason why an objection to the ability to pay a booking fee was required. The Supreme Court was not implying only a booking fee required an objection. As to other fees and costs, the rationale for forfeiture is still strong, just not "particularly strong" as in the case of the booking fee.

Appellant nevertheless suggests he was not advised of, and did not waive, his due process hearing rights with respect to the probation supervision fees. *People v. Valtakis, supra,* 105 Cal.App.4th 1066, however, held a defendant's failure to object at sentencing to noncompliance with the probation fee procedures of section 1203.1b waives any claim of error on appeal. (*Id.* at p. 1068.) Further, any claim by appellant that the probation department failed to follow the procedures set forth in section 1203.1b would rely on facts outside the record on appeal, making habeas corpus or some other post-conviction proceeding the proper way to raise the issue.

4

Finally, appellant's challenge to the amount of the criminal justice administration fee and the probation supervision fee is similarly waived. Calculating the actual administrative costs of processing arrestees or supervising probationers is above all a factual determination.[4] Appellant himself states in his reply brief that the determination involves "disputable issues of fact." Thus when, as here, the trial court has imposed two routine fees in an amount that is not plainly excessive, the defendant must make an objection. Fairness demands an objection in order to allow the prosecution to marshal the facts to support the calculation of the fees.

## III. DISPOSITION

The judgment is affirmed.

_____
REARDON, P. J.

We concur:

_____
RIVERA, J.

_____
HUMES, J.

---

[4] The Attorney General states the criminal justice assessment fee in this case was determined by the county board of supervisors based on information provided by the county administrator's office. The Attorney General refers this court to certain on-line county records and makes a request for judicial notice. Given our conclusion that petitioner forfeited any challenge to the amount of the fees, the request for judicial notice is denied as moot.

Filed 9/19/13

# CALIFORNIA COURT OF APPEAL
# FIRST APPELLATE DISTRICT
# DIVISION FOUR

PEOPLE
v.
OCTAVIO AGUILAR

A135516
Contra Costa County
Sup. Ct. No. 51202696

BY THE COURT:

Respondent's request that this court's August 28, 2013 opinion be certified for publication is granted.  The Reporter of Decisions is directed to publish said opinion in the Official Reports.

Date:  September 19, 2013                                    Reardon, Acting P. J.

Trial Court:                    Contra Costa County Superior Court


Trial Judge:                    Hon. Thomas M. Maddock


Counsel for Appellant:          Kieran D. C. Manjarrez

                                First District Appellate Project


Counsel for Respondent:         Kamala D. Harris
                                Attorney General
                                Catherine A. Rivlin
                                Office of the Attorney General


*People v. Aguilar* A135516

7