Filed 12/13/13  P. v. Cornick CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ALBERT CORNICK,<br><br>    Defendant and Appellant. | C072087<br><br>(Super. Ct. No. 12F00370) |

Following defendant Albert Cornick's conviction for assault with a deadly weapon, the court sentenced him to three years in state prison and imposed a classification fee of $62.09 and a booking fee of $340.01.  On appeal, defendant challenges both fees, arguing the court failed to find an ability to pay the fees.  We find defendant forfeited his challenge to the classification and booking fees by failing to object in the trial court.

**FACTUAL AND PROCEDURAL BACKGROUND**

Harold Mausteller owned a business located in his residence.  In 2011 Mausteller ran an advertisement in a local newspaper for a roommate.  Defendant responded to the

1

ad and signed a lease. Under the lease, defendant had the run of the premises with the exception of Mausteller's bedroom, bathroom, and office.

A few months later, defendant and Mausteller got into an argument over the repair of a wooden fence. Words were exchanged and defendant hit Mausteller on the head with a hammer. The two men struggled until Mausteller realized blood was running down his face. Mausteller called 911, and officers found Mausteller sitting on his neighbor's porch with a bleeding head.

Defendant has prior convictions for driving under the influence, causing injury, and for narcotics sales.

Defendant testified he acted in self-defense and never struck Mausteller with the hammer. He stated Mausteller's injuries were caused by the struggle.

An information charged defendant with assault with a deadly weapon and assault by means of force likely to produce great bodily injury. (Pen. Code, §§ 245, subd. (a)(1), (4).) Defendant entered a plea of not guilty.

A jury convicted defendant of assault with a deadly weapon. The court declared a mistrial as to the count of assault by means of force likely to produce great bodily injury.

The court sentenced defendant to the middle term of three years in state prison and imposed a classification fee of $62.09 and a booking fee of $340.01. Defendant filed a timely notice of appeal.

## DISCUSSION

Defendant argues the court erred in imposing the booking and classification fees at the time of sentencing. According to defendant, the court failed to find him able to pay the fees. Defendant also contends the issue is one of insufficient evidence and is not forfeited by his failure to object to the fees in the trial court.

**Background**

The trial court, at sentencing, reviewed the probation report. The court also noted that defendant and defense counsel had reviewed the report. The probation report

2

recommended that defendant pay a $340.01 "main jail booking fee" and a "main jail classification fee" of $62.09 pursuant to Government Code section 29550.2. Defense counsel asked the trial court to consider a lesser sentence and requested a formal restitution hearing.

The court then imposed sentence and the fees in question. Defense counsel did not object.

### *Forfeiture*

Government Code section 29550.2, subdivision (a) states, in pertinent part: "Any person booked into a county jail pursuant to any arrest by any governmental entity not specified in Section 29550 or 29550.1 is subject to a criminal justice administration fee for administration costs incurred in conjunction with the arresting and booking if the person is convicted of any criminal offense relating to the arrest and booking. The fee which the county is entitled to recover pursuant to this subdivision shall not exceed the actual administrative costs as defined in subdivision (c), including applicable overhead costs as permitted by federal Circular A 87 standards, incurred in booking or otherwise processing arrested persons. *If the person has the ability to pay*, a judgment of conviction shall contain an order for payment of the amount of the criminal justice administration fee by the convicted person . . . ." (Italics added.)

The People contend defendant waived his challenge to the booking and classification fee by failing to object at sentencing. Defendant counters that waiver does not apply because he is challenging the lack of evidence to support a finding of his ability to pay the fee, citing the rule that a claim of insufficiency of the evidence to support a judgment is cognizable on appeal absent an objection in the trial court.

This court has frequently held that in order to preserve a challenge to a fee or fine, a defendant must object in the trial court. (*People v. Crittle* (2007) 154 Cal.App.4th 368, 371; *People v. Hodges* (1999) 70 Cal.App.4th 1348, 1357; *People v. Gibson* (1994) 27 Cal.App.4th 1466, 1467, 1468-1469.) In *Gibson*, the defendant argued for the first

3

time on appeal that the trial court erred in imposing restitution fines without a determination that he had the ability to pay. (*Gibson*, at p. 1467.) We stated: "The purpose of the waiver doctrine is to bring errors to the attention of the trial court so they may be corrected or avoided. [Citation.] The rule that contentions not raised in the trial court will not be considered on appeal is founded on considerations of fairness to the court and opposing party, and on the practical need for an orderly and efficient administration of the law. [Citations.]

"As a matter of fairness to the trial court, a defendant should not be permitted to assert for the first time on appeal a procedural defect in imposition of a restitution fine, i.e., the trial court's alleged failure to consider defendant's ability to pay the fine. [Citation.] Rather, a defendant must make a timely objection in the trial court in order to give that court an opportunity to correct the error; failure to object should preclude reversal of the order on appeal." (*Gibson*, *supra*, 27 Cal.App.4th at p. 1468.) Defendant argues these cases are distinguishable and relies instead on a trilogy of cases: *People v. Pacheco* (2010) 187 Cal.App.4th 1392 (*Pacheco*); *People v. Viray* (2005) 134 Cal.App.4th 1186 (*Viray*); and *People v. Lopez* (2005) 129 Cal.App.4th 1508 (*Lopez*).

However, in its review of *People v. McCullough* (2013) 56 Cal.4th 589, another case decided by this court involving the same issue, the Supreme Court disapproved *Pacheco* (*McCullough*, at p. 599), characterized the holdings in *Viray* and *Lopez* as simple restatements of the "general rule that an appellate challenge to the sufficiency of the evidence 'requires no predicate objection in the trial court' " (*McCullough*, at pp. 599-600, fn. 2), and reaffirmed "that the requirement that a defendant contemporaneously object in order to challenge the sentencing order on appeal advanced the goals of proper development of the record and judicial economy" (*id*. at p. 599). The court concluded that the goals advanced by judicial forfeiture apply equally to the imposition of a fee and affirmed this court's decision holding that a defendant who fails

4

to contest the booking fee when the court imposes it forfeits the right to challenge it on appeal.  (*Id.* at pp. 599-600.)

Here, defendant did not object in the trial court to the imposition of a classification fee of $62.09 and a booking fee of $340.01.  The forfeiture rule applies and defendant is barred from challenging these fees on appeal.

## DISPOSITION

The judgment is affirmed.

          RAYE          , P. J.

We concur:

      NICHOLSON     , J.

      MURRAY       , J.