Filed 3/24/14  P. v. Johnson CA5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | F065377 |
| v. | (Madera Super. Ct. No. MCR033157) |
| RANDY JOHNSON, JR., | **O P I N I O N** |
| Defendant and Appellant. | |

### THE COURT\*

APPEAL from a judgment of the Superior Court of Madera County.  Joseph A. Soldani, Judge.

Donna J. Hopper, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Catherine Chatman and Raymond L. Brosterhous II, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Levy, Acting P.J., Kane, J., and Poochigian, J.

# INTRODUCTION

On November 13, 2008, appellant, Randy Johnson, Jr., was charged in an information with battery of a custodial officer (Pen. Code, § 243.1, count 1)[1] and battery by gassing a custodial officer (§ 243.9, subd. (a), count 2). The information also alleged a prior prison term enhancement (§ 667.5, subd. (b)) and that appellant had suffered two prior serious felony convictions under the three strikes law (§ 667, subds. (b)-(i)). A bifurcated jury trial commenced on October 4, 2011. The court granted the People's motion to dismiss count 2. On October 6, 2011, the jury convicted appellant of count 1. Appellant waived his right to trial on the special allegations and admitted them.

Appellant filed a motion requesting that the trial court strike one of the prior serious felony allegations. At the sentencing hearing on July 13, 2012, the trial court denied appellant's request to strike either prior serious felony allegation. The court sentenced appellant to a term of 25 years to life plus a consecutive term of one year for the prior prison term enhancement. The court imposed various fines and fees, including a $750 assessment for the cost of preparing the probation report.[2]

Appellant seeks resentencing pursuant to Proposition 36 and section 1170.126. Appellant also contends the $750 assessment fee for the cost of the probation report should be stricken because the trial court failed to find that he had the ability to pay the fee. We reject these issues. Appellant further argues there is an error in the abstract of judgment concerning custody credits. The respondent concedes the error. We will remand for the trial court to prepare an amended abstract of judgment.[3]

---

[1]     Unless otherwise noted, all statutory references are to the Penal Code.

[2]     The probation report recommended a presentence report fee of $750.

[3]     Because the appellant only raises sentencing issues unrelated to his offense, we do not recount the underlying facts of that offense except to note that appellant's offense occurred on February 19, 2008.

## PROPOSTION 36

Appellant contends this court must vacate his third strike sentence and remand this case to the trial court for resentencing based on the amendment of the three strikes law by Proposition 36. As this court explained in *People v. Yearwood* (2013) 213 Cal.App.4th 161, however, defendant's appropriate recourse is to petition for a recall of his sentence in the trial court pursuant to section 1170.126, the provision added by Proposition 36. He is not entitled to a remand for resentencing on appeal pursuant to the amendments to sections 667 and 1170.12. (*Yearwood, supra,* 213 Cal.App.4th at pp. 171-172, 176.) We decline appellant's invitation to revisit our decision in *Yearwood*.

## ABILITY TO PAY FINDING

Appellant contends the trial court erred when it imposed a fee of $750 for the preparation of the probation report without first finding that he had the financial ability to pay the fine. Appellant argues there was not substantial evidence to support the trial court's finding. Alternatively, appellant argues that his trial counsel was ineffective for failing to object to the fee without an ability to pay finding. Respond replies that appellant's failure to lodge an objection to the imposition of the fee at the sentencing hearing constitutes a forfeiture of the issue on appeal and appellant has failed to show prejudice due to trial counsel's alleged ineffective representation. We agree with respondent.

At the sentencing hearing, the court ordered appellant to pay a felony presence report fee of $750 pursuant to section 1203.1b, as recommended in the probation report. Appellant failed to object. Appellant now contends this fee must be stricken because the court failed to conduct a hearing or determine his ability to pay the fee, as required by the statute, and there is insufficient evidence of his ability to pay in the appellate record.

Appellant acknowledges he did not object to the imposition of this fee, but contends this court may address the issue because an objection is not required to preserve

3

an appellate claim of insufficient evidence.  Appellant's argument is based on *People v. Pacheco* (2010) 187 Cal.App.4th 1392 (*Pacheco*), which held that a defendant could raise an appellate challenge to the sufficiency of the evidence supporting a finding of ability to pay a booking fee, even if he failed to challenge the ruling before the sentencing court.  (*Id*. at p. 1397.)

*Pacheco*, however, has been repeatedly rejected by other courts, which have required an objection to preserve fine and fee issues on appeal.  (See e.g., *People v. Nelson* (2011) 51 Cal.4th 198, 227 [defendant forfeited his challenge to victim restitution fine by failing to object at his sentencing hearing]; *People v. Crittle* (2007) 154 Cal.App.4th 368, 371 [defendant who did not raise issue of ability to pay crime prevention fee in trial court cannot raise issue on appeal]; *People v. Valtakis* (2003) 105 Cal.App.4th 1066, 1072 [failure to object in trial court to statutory error in the imposition of a probation fee under section 1203.1b waives the matter for purposes of appeal]; *People v. Hodges* (1999) 70 Cal.App.4th 1348, 1357 [appellate review of booking fee waived for failure to raise issue at time of sentencing].)

*In People v. McCullough* (2013) 56 Cal.4th 589 (*McCullough*), the California Supreme Court expressly disapproved *Pacheco* as to the imposition of a booking fee, and held a defendant "who fails to contest the booking fee when the court imposes it forfeits the right to challenge it on appeal." (*McCullough*, *supra,* at p. 591.)  The *McCullough* court held that:  "Given that imposition of a fee is of much less moment than imposition of sentence, and that the goals advanced by judicial forfeiture apply equally here, we see no reason to conclude that the rule permitting challenges made to the sufficiency of the evidence to support a judgment for the first time on appeal 'should apply to a finding of' ability to pay a booking fee …." (*Id*. at p. 599.)

The reasoning of *McCullough* applies equally to the presentence report fee imposed in this case.  Defendant was notified in the probation report about the

4

recommendation for the presentencing report fee of $750. His failure to object or challenge the court's imposition of that fee forfeits his ability to challenge that fee on appeal. (*McCullough*, *supra*, 56 Cal.4th at p. 597.)

We further reject appellant's argument that trial counsel was ineffective for failing to lodge an objection to the fee based on appellant's inability to pay.[4] Appellant has failed to demonstrate that had trial counsel lodged the objection based on appellant's inability to pay the fee there was a reasonable probability that but for counsel's alleged unprofessional error the result of the proceeding would have been different. Appellant cannot merely speculate that the result would have been different but had the burden of showing prejudice as a demonstrable reality. (*People v. Williams* (1988) 44 Cal.3d 883, 937.) Appellant has failed to do so.

## ABSTRACT OF JUDGMENT

The trial court awarded appellant custody credits of 982 actual days served plus 491 conduct credits for total custody credits of 1,472 days. The abstract of judgment, however, fails to set forth appellant's custody credits. Appellant contends, and

---

[4] Appellant's challenges can be construed to be a challenge to the effectiveness of his trial counsel. The defendant has the burden of proving ineffective assistance of trial counsel. To prevail on a claim of ineffective assistance of trial counsel, the defendant must establish not only deficient performance, which is performance below an objective standard of reasonableness, but also prejudice. A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Tactical errors are generally not deemed reversible. Counsel's decisionmaking is evaluated in the context of the available facts. To the extent the record fails to disclose why counsel acted or failed to act in the manner challenged, appellate courts will affirm the judgment unless counsel was asked for an explanation and failed to provide one, or, unless there simply could be no satisfactory explanation. Prejudice must be affirmatively proved. The record must affirmatively demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. (*People v. Maury* (2003) 30 Cal.4th 342, 389.) Attorneys are not expected to engage in tactics or to file motions that are futile. (*Id.* at p. 390; also see *People v. Mendoza* (2000) 24 Cal.4th 130, 166.)

5

respondent concurs, that this was a clerical error necessitating correction. We agree with the parties because clerical errors can be corrected at any time, including on appeal. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.) We further note that the clerk's minute order of the sentencing hearing also fails to set forth appellant's custody credits.

## DISPOSITION

The case is remanded to the trial court for it to direct the clerk to amend the minute order and the abstract of judgment to include appellant's custody credits and to forward the amended documents to the appropriate authorities. The judgment is affirmed.