Filed 10/10/13  P. v. Knight CA3
Opinion following rehearing

## <u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# THIRD APPELLATE DISTRICT

## (Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C068030 |
| Plaintiff and Respondent, | (Super. Ct. No. 10F04539) |
| v. | OPINION ON REHEARING |
| VONTRE KNIGHT, | |
| Defendant and Appellant. | |

A jury found defendant Vontre Knight guilty of evading a peace officer while driving with willful and wanton disregard for the safety of others and property (Veh. Code, § 2800.2, subd. (a)—count one) and evading a peace officer while driving on a highway in a direction opposite to that in which traffic lawfully moves (former Veh. Code, § 2800.4—count two).  Following the trial court's finding that defendant was previously convicted of four strike offenses, defendant was sentenced to an indeterminate term of 25 years to life.

1

On appeal, defendant contends the trial court erred in refusing to give a unanimity instruction. He also contends the court erred in imposing booking and classification fees without first determining his ability to pay those fees. Neither contention has merit.

Defendant further contends the judgment must be modified to reflect an additional day of custody credit. The People concede the issue, we accept their concession, and order the judgment amended.

On November 6, 2012, California voters approved Proposition 36, which modifies the three strikes law. After we filed our decision in this case, defendant filed a petition for rehearing seeking the benefit of the change in the law. Defendant asked us to vacate his sentence under the three strikes law and remand the matter to the trial court with directions to impose a determinate sentence pursuant to the amended three strikes law. We granted defendant's petition for rehearing and ordered supplemental briefing. The People opposed defendant's request. We shall affirm the judgment as amended.

## FACTUAL AND PROCEDURAL BACKGROUND

On July 12, 2010, Sacramento Police Officer Matthew McPhail, on duty, in full uniform and driving a marked car, heard a horn honking repeatedly. McPhail then saw two vehicles turn from westbound Second Avenue on northbound Franklin Boulevard. The lead vehicle was a Chevrolet SUV (driven by defendant); the second was a Cadillac sedan. Both vehicles were speeding. It appeared to McPhail that the Cadillac was chasing the SUV and honking its horn; McPhail followed the vehicles. Both vehicles soon made a right turn against a red light, then immediately turned right onto southbound Highway 99.

Officer McPhail continued to follow both vehicles and watched them move from the number four lane to the number two lane, then quickly move back to the right side of the roadway. In an effort to stop both vehicles, McPhail activated his overhead lights.

2

The Cadillac slowed slightly and moved one lane to the left. Defendant increased his speed.

Officer McPhail increased his speed and pulled his patrol car behind defendant's SUV. He was receiving information regarding the vehicles from "dispatch" when he saw defendant swerve out of the dedicated exit lane at Fruitridge and back into the southbound freeway lane. McPhail then turned on his siren. Defendant remained in the right-most lane and sped up to approximately 70 miles per hour.

As defendant approached the Martin Luther King Jr. Boulevard overpass, he "aggressively" slowed the SUV and made an "abrupt" right turn, leaving skid marks on the highway. Defendant then crossed over the on-ramp freeway entrance onto southbound Highway 99. Defendant left the roadway through a narrow opening between a large tree and a freeway guard rail. Defendant then drove the SUV through the landscaped area inside the circular freeway on-ramp.

Officer McPhail did not follow defendant through the landscaped area, so there were moments when McPhail could not see the SUV. McPhail did, however, see the SUV leave the landscaped area and enter the one-way freeway on-ramp traveling opposite the direction of traffic. Defendant drove the SUV against traffic for approximately one-third the length of the on-ramp. A Land Rover had to swerve to avoid colliding with the SUV.

Defendant then sped over the Martin Luther King Jr. Boulevard overpass. And, while Officer McPhail drove nearly 65 miles per hour in pursuit of defendant, defendant continued to increase the distance between himself and McPhail. Defendant then turned the SUV onto 35th Avenue and McPhail again lost sight of him for a few seconds. When he saw the SUV again, it was stopped in front of a residence approximately three houses north of the intersection at Mascot and 35th Avenues. The SUV's lights were on, the driver's door was open, and defendant was running north, away from the SUV.

3

Officer McPhail drove his patrol car in the direction defendant ran. He saw defendant crouching against a fence in a residential yard. McPhail ordered defendant to "give up." Instead, defendant jumped over an adjacent chain-link fence and entered the side yard of the residence next door, at which point McPhail lost sight of defendant.

A perimeter search was initiated. The police officers were told that a resident heard noises coming from her bathroom. The police searched her home with the help of a canine officer. They found defendant hiding inside the woman's bathtub, behind the shower curtain.

Defendant was subsequently charged with evading a peace officer while driving in willful and wanton disregard for the safety of other persons and property (Veh. Code, § 2800.2, subd. (a)), evading an officer while driving in a direction opposite to that in which traffic lawfully moves (*id*., former § 2800.4), and resisting and delaying a peace officer[1] (Pen. Code, § 148, subd. (a)(1)).[2] It was further alleged that defendant was previously convicted of four strike offenses within the meaning of Penal Code section 1170.12, subdivision (c)(1) and sustained three prior felony convictions within the meaning of Penal Code section 667.5, subdivision (b).

### *Jury Instructions*

At the jury instruction conference, defendant asked the trial court to give the jury a unanimity instruction. Defendant argued that, in order to find him guilty of recklessly evading a peace officer, the jury was required to agree on which specific Vehicle Code violations were committed by defendant. The trial court denied defendant's request.

The jury was instructed, in relevant part, as follows:

---

[1] Before trial, the court granted the prosecution's motion to dismiss the charge of resisting a peace officer.

[2] Undesignated statutory references are to the Penal Code.

4

"The defendant is charged in Count One with evading a peace officer with wanton disregard for safety in violation of Vehicle Code section 2800.2, [subdivision] (a).

"To prove the defendant is guilty of this crime, the People must prove that: . . . [¶] . . . [¶]

"Three, during the pursuit the defendant drove with willful or wanton disregard for the safety of persons or property; [¶] . . . [¶]

"A person acts with wanton disregard for safety when, one, he is aware that his actions present a substantial and unjustifiable risk of harm; [two,] he intentionally ignores that risk. The person does not, however, have to intend to cause damage.

"Driving with willful or wanton disregard for safety of persons or property includes, but is not limited to, causing damage to property while driving or committing three or more violations that are each assigned a traffic violation point.

"For the purpose of evaluating whether, quote, three or more violations have been committed, you may consider the following six Vehicle Code sections: . . ."

The jury was then instructed on six different Vehicle Code violations: (1) driving in excess of the maximum speed (Veh. Code, § 22349, subd. (a)); (2) failing to signal a turn (*id*., § 22108); (3) unlawfully exiting a freeway (*id*., § 21664); (4) driving the wrong way (*id*., § 21651, subd. (b)); (5) driving at a speed greater than is reasonable or prudent (*id*., § 22350); and (6) driving on the wrong side of the road (*id*., § 21650).

The jury also was instructed that, in order to find defendant guilty of the charges, their "verdict[] must be unanimous." In other words, "to [r]each a verdict, all of [the jurors] must agree to it." The jury returned guilty verdicts on both counts, and the court found true the enhancement allegations.

Defendant's motion to dismiss the prior strike convictions was denied and he was sentenced to an indeterminate term of 25 years to life on the charge of evading an officer

5

with wanton disregard for the safety of people and property. Defendant was sentenced to an additional 25 years to life on the remaining conviction, though his sentence was stayed pursuant to section 654.

Defendant was ordered to pay various fines and fees, including a $287.78 main jail booking fee and a $59.23 main jail classification fee. (Gov. Code, § 29550.2, subd. (a).) Defendant was awarded a total of 404 days of presentence custody credit. Defendant appeals.

## DISCUSSION

## I. Unanimity Instruction

Defendant claims the trial court erred in refusing to give a unanimity instruction. We disagree.

"The key to deciding whether to give the unanimity instruction lies in considering its purpose. The jury must agree on a 'particular crime' [citation]; it would be unacceptable if some jurors believed the defendant guilty of one crime and other jurors believed [him] guilty of another. But unanimity as to exactly how the crime was committed is not required. Thus, the unanimity instruction is appropriate 'when conviction on a single count could be based on two or more discrete criminal events,' but not 'where multiple theories or acts may form the basis of a guilty verdict on one discrete criminal event.' [Citation.] In deciding whether to give the instruction, the trial court must ask whether (1) there is a risk the jury may divide on two discrete crimes and not agree on any particular crime, or (2) the evidence merely presents the possibility the jury may divide, or be uncertain, as to the exact way the defendant is guilty of a single discrete crime. In the first situation, but not the second, it should give the unanimity instruction." (*People v. Russo* (2001) 25 Cal.4th 1124, 1134-1135 (*Russo*).)

6

Here, as in *People v. Datt* (2010) 185 Cal.App.4th 942 (*Datt*), the " 'discrete criminal event' " was defendant's flight in the SUV from Officer McPhail, which lasted approximately three minutes.  (*Id.* at p. 950.)  That single criminal event resulted in defendant being charged with two separate crimes:  (1) recklessly evading a peace officer and (2) driving opposite the direction of traffic while evading a peace officer.  Defendant argues that because his flight from McPhail resulted in two criminal charges, the flight was "divided into discrete criminal events."  Defendant cites no authority for this proposition and we are not persuaded.

It is well settled that a defendant may be charged with multiple crimes for the same criminal conduct (or event).  (§ 654; *Neal v. State of California* (1960) 55 Cal.2d 11, 19, disapproved on a different ground in *People v. Correa* (2012) 54 Cal.4th 331, 334, 338, 341.)  The issue regarding unanimity is whether in convicting defendant on both counts, the jury was able to agree on a "particular crime" for each count.  (*Russo*, *supra*, 25 Cal.4th at pp. 1134-1135.)

Here, there was a single, three-minute flight from Officer McPhail but several theories of criminal liability (i.e., multiple Vehicle Code violations and a general sense of recklessness) proffered to support a conviction.  (*Russo*, *supra*, 25 Cal.4th at pp. 1134-1135.)  In order to find defendant guilty, the jury was not required to agree on the precise way in which defendant drove recklessly in an effort to evade McPhail, only that he did, in fact, drive recklessly in an effort to evade the officer.  (*Datt*, *supra*, 185 Cal.App.4th at p. 950.)

Similarly, in finding defendant guilty on count two, the jury was required to find, unanimously, that defendant drove opposite the direction of traffic, while evading a peace officer.  No further unanimity instruction was required.

Finally, the jury was not, as defendant suggests, precluded from relying on the same evidence to prove both counts.  The same conduct can give rise to multiple crimes,

7

although defendant cannot be punished for all of them.  (§ 654.)  Thus, the jury was well within the limits of the law to consider defendant's driving opposite the direction of traffic to convict him on both counts.

## II.  Classification and Booking Fees

The fees imposed by the trial court at sentencing included, among others, a main jail booking fee of $287.78 and a main jail classification fee of $59.23.  (Gov. Code, § 29550.2, subd. (a).)  Defendant raised no objection to the fees.

Defendant contends these fees must be stricken because the trial court failed to find, as required by the statutes under which the fees were imposed, that he has the ability to pay them.  The People assert defendant has forfeited the issue because he did not object to the fees in the trial court.  We agree.  We have repeatedly held that failure to object in the trial court based on lack of ability to pay forfeits the contention of error.  (See *People v. Crittle* (2007) 154 Cal.App.4th 368, 371; *People v. Hodges* (1999) 70 Cal.App.4th 1348, 1357; *People v. Gibson* (1994) 27 Cal.App.4th 1466, 1468-1469; see also *People v. McMahan* (1992) 3 Cal.App.4th 740, 749-750 [defendant knowledgeable about his ability to pay, and his failure to object to fine recommended by probation officer or offer contrary evidence forfeited claim].)  Recently, our Supreme Court agreed with this view.  (*People v. McCullough* (2013) 56 Cal.4th 589, 591 [a defendant who fails to contest the booking fee when the trial court imposes it forfeits the right to challenge the sufficiency of the evidence to support the fee], disapproving of *People v. Pacheco* (2010) 187 Cal.App.4th 1392.)

## III.  Custody Credit

Defendant contends he is entitled to an additional day of custody credit; the People concede the issue.  Having reviewed the law and the record, we accept the People's concession and order the judgment modified.

8

## IV. Proposition 36 Amendments to the Three Strikes Law

Defendant was sentenced to an indeterminate term of 25 years to life for crimes that were not serious or violent felonies (two counts of eluding a police officer). (Veh. Code, §§ 2800.2, subd. (a), 2800.4; see Pen. Code, §§ 667.5, subd. (c), 1192.7, subd. (c).) While defendant's appeal was pending, the voters passed Proposition 36, limiting three strike sentences to current convictions for serious or violent felonies, or a limited number of other felonies that are not relevant here. (See Pen. Code, §§ 1170.12, subd. (c), 667, subd. (c).) If defendant had been sentenced today, he would not be subject to an indeterminate life term.

Proposition 36 also added section 1170.126, which creates a postconviction release proceeding "intended to apply exclusively to persons presently serving an indeterminate term of imprisonment pursuant to paragraph (2) of subdivision (e) of Section 667 or paragraph (2) of subdivision (c) of Section 1170.12, whose sentence under this act would not have been an indeterminate life sentence." (§ 1170.126, subd. (a).) A prisoner is eligible for resentencing under section 1170.126 as a second strike offender if certain requirements are met. (§ 1170.126, subd. (e).)

In asking us to vacate his sentence and remand the matter, defendant relies on *In re Estrada* (1965) 63 Cal.2d 740. Under *Estrada*, a statute lessening punishment is presumed to apply to all cases not yet reduced to final judgment on the statute's effective date unless there is a savings clause or its equivalent providing for prospective application. (*Id.* at pp. 744-745, 747-748; *People v. Brown* (2012) 54 Cal.4th 314, 322, 328 [*Estrada* principles did not require retroactive application of section 4019 amendments concerning presentence conduct credits].) Defendant contends that the holding in *Estrada* applies to him and under the amended law he must be *automatically* resentenced to a determinate term (rather than merely remanded for a discretionary resentencing hearing pursuant to section 1170.126).

Recently, the Court of Appeal, Fifth Appellate District, concluded in *People v. Yearwood* (2013) 213 Cal.App.4th 161 (*Yearwood*) that the Proposition-36 added section 1170.126 is the equivalent of a "saving clause" and defeats the presumption of retroactivity set forth in *Estrada*. (*Yearwood*, at pp. 172, 176.)

Section 1170.126, as noted, applies to "persons presently serving" a three strikes sentence of 25 years to life; under it, such a person "may file [in the trial court] a petition for a recall of sentence" to request resentencing under Proposition 36; and, if the person is eligible under Proposition 36, the trial court will resentence the person "unless the court, in its discretion, determines that resentencing the [person] would pose an unreasonable risk of danger to public safety." (§ 1170.126, subds. (a), (b), (f); see *id.*, subds. (e), (g).) Consequently, those already sentenced and serving a 25-year-to-life sentence under the three strikes law, like defendant here, must petition the trial court under section 1170.126 for a recall of sentence regardless of whether or not their judgment is final. (*Yearwood, supra,* 213 Cal.App.4th at p. 168.)

As the People note, whereas the Proposition 36-amended sections 667 and 1170.12 require nondiscretionary resentencing, the Proposition 36-enacted section 1170.126 gives the trial court discretion not to resentence a person who "would pose an unreasonable risk of danger to public safety." (Compare §§ 667, subd. (e) and 1170.12, subd. (c) with § 1170.126, subd. (f).) For the reasons set forth in *Yearwood,* defendant is not entitled to a remand from this court for resentencing in the trial court under amended sections 667 and 1170.12; defendant's recourse is to petition the trial court for a recall of sentence under section 1170.126. (*Yearwood, supra*, 213 Cal.App.4th at pp. 171-172, 176.)

## DISPOSITION

The judgment is modified to show defendant is entitled to 271 days of custody credit, not 270 days as currently ordered, for a total of 405 days of presentence credit.

The trial court is directed to prepare an amended abstract of judgment accordingly; the judgment is otherwise affirmed.  The trial court is further directed to forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.


                                                         BUTZ                  , J.


We concur:



            NICHOLSON      , Acting P. J.



            MAURO         , J.

11