Filed 12/17/15  P. v. Hearn CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D067193 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD205388) |
| WILLIAM HENRY HEARN, | |
| Defendant and Appellant. | |

APPEAL from a postjudgment order of the Superior Court of San Diego County, David J. Danielsen, Judge.  Affirmed.

Law Offices of Russell S. Babcock and Russell S. Babcock, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Michael Pulos and Annie Featherman Fraser, Deputy Attorneys General, for Plaintiff and Respondent.

INTRODUCTION

William Henry Hearn is serving, as a third strike recidivist offender, a state prison sentence of 25 years to life imposed in 2008 under the version of California's Three Strikes law (Pen. Code,[1] §§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)) that predated the enactment of the Three Strikes Reform Act of 2012 (Proposition 36 or the Reform Act). A jury convicted Hearn of four felony firearm-related offenses for which he is serving his life sentence: (1) possession of a firearm by a felon (count 1: former § 12021, subd. (a)(1)),[2] (2) carrying a concealed firearm in a vehicle (count 2: former § 12025, subd. (a)(1) (hereafter section 12025(a)(1))),[3] (3) carrying a loaded firearm in public (count 3: former § 12031, subd. (a)(1) (hereafter section 12031(a)(1)),[4] and (4) possession of ammunition by a felon (count 4: former § 12316, subd. (b)(1)).[5] Hearn pleaded guilty to one count of misdemeanor spousal battery (count 5: § 243, subd. (e)(1)).

On May 16, 2008, Hearn admitted he had suffered a prison prior (§§ 667.5, subd. (b), 668) and the court found he had suffered two strike priors (§§ 667, subds. (b)-(i),

---

[1]     All further statutory references are to the Penal Code unless otherwise specified.

[2]     This offense is now governed by section 29800, subdivision (a).

[3]     This offense is now governed by section 25400, subdivision (a).

[4]     This offense is now governed by section 25850, subdivision (a).

[5]     This offense is now governed by section 30305, subdivision (a).

1170.12, 668). On that same date, the court[6] sentenced Hearn to an indeterminate state prison term of 25 years to life. Specifically, the court imposed a term of 25 years to life for his count 1 conviction of possession of a firearm by a felon. For each of his convictions of carrying a concealed firearm in a vehicle (count 2) and carrying a loaded firearm in public (count 3), the court imposed but stayed under section 654 a term of 25 years to life. The court imposed a concurrent term of 25 years to life for Hearn's count 4 conviction of possession of ammunition by a felon. In Hearn's prior appeal, this court modified the judgment by ordering that execution of the concurrent count 4 life sentence be stayed under section 654.[7]

Following the voters' approval of Proposition 36 in November 2012, Hearn filed a petition under section 1170.126 of the Reform Act requesting that his indeterminate life sentence be recalled and that he be resentenced to a determinate sentence as a second strike offender. The court denied the petition, finding the record of conviction showed Hearn was armed with a firearm when he committed his latest offenses, and, thus, he was ineligible for relief based on a statutory exclusion (the armed-with-a-firearm exclusion)[8] that applies if "[d]uring the commission of the current offense, the defendant . . . was *armed with a firearm* . . . ." (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii), italics added.)

---

[6] Honorable David M. Gill.

[7] We take judicial notice of our unpublished opinion in *People v. Hearn* (Apr. 24, 2009, D053108.) (Evid. Code, §§ 452, subd. (d), 459, subd. (a).)

[8] *People v. White* (2014) 223 Cal.App.4th 512, 523 (*White*).

Hearn appeals the order denying his petition, contending (1) the court's finding that he was ineligible for a recall of his sentence under the Reform Act was not supported by substantial evidence and violated his right to due process under the Fourteenth Amendment, and (2) he was entitled under the Sixth and Fourteenth Amendments "to have a jury determine beyond a reasonable doubt whether . . . he had been armed with a firearm."

Based on the charges and record of conviction, we conclude that substantial evidence supports the court's findings that Hearn was armed with a firearm when he committed his current offenses, and, thus, that he was ineligible for a recall of his sentence. We also conclude under well-established case law that Hearn was not entitled to a jury trial on the issue of his eligibility for a recall of his life sentence and for resentencing under the Reform Act.

## BACKGROUND

A. *Factual Background*

The record in the current appeal does not contain a transcript of the 2008 trial. This court's unpublished opinion in Hearn's prior appeal, of which we take judicial notice (see fn. 7, *ante*) and which is part of the record of conviction in this case (see *People v. Woodell* (1998) 17 Cal.4th 448, 456), summarized the jury's verdicts and the nature of Hearn's current offenses, his count 5 guilty plea and his admission he had a served a prior prison term, the court's finding he had suffered two prior strikes, and the details of his current sentence. The opinion did not summarize the evidence presented at the trial.

4

Hearn's sole contention in his first appeal was that his count 4 concurrent 25-year-to-life sentence should have been stayed under section 654.  He did not contend the evidence was insufficient to support his convictions.  We agreed with Hearn's claim of sentencing error and modified his count 4 sentence by staying execution of the sentence under section 654.

B.  *Proposition 36 and the Armed-with-a-Firearm Exclusion*

In *Teal v. Superior Court* (2014) 60 Cal.4th 595, the California Supreme Court succinctly explained the basic provisions of Proposition 36 and the petition procedure at issue here for recalling a sentence imposed under the pre-Proposition 36 version of the Three Strikes law:

> "On November 6, 2012, the California electorate approved Proposition 36, otherwise known as the Three Strikes Reform Act of 2012 (the Act), which became effective the next day.  Before the Act's passage, the 'Three Strikes' law provided that a recidivist offender with two or more qualifying strikes was subject to an indeterminate life sentence if the offender was convicted for any new felony offense.  [Citation.]  The Act amended the Three Strikes law so that an indeterminate life sentence may only be imposed where the offender's third strike is a serious and/or violent felony or where the offender is not eligible for a determinate sentence based on other disqualifying factors.  [Citations.]  The Act also enacted section 1170.126, establishing a procedure for an offender serving an indeterminate life sentence for a third strike conviction that is not defined as a serious and/or violent felony to file a petition for recall of sentence.  (§ 1170.126, subd. (b).)"  (*Teal*, at pp. 596-597, fn. omitted.)

The petitioning inmate is eligible for resentencing if all three of the following eligibility criteria set forth in subdivision (e) of section 1170.126 are satisfied:  "'(1) the [inmate] is serving an indeterminate life sentence for a crime that is not a serious or

5

violent felony; (2) the life sentence was not imposed for any of the offenses appearing in sections 667[, subdivision (e)(2)(C)] and 1170.12[, subdivision (c)(2)(C)]; and (3) the inmate has no prior convictions for any of the offenses appearing in clause (iv) of section 667[, subdivision (e)(2)(C)] or section clause (iv) of section 1170.12[(c)(2)(C)].'" (*White*, *supra*, 223 Cal.App.4th at p. 522, italics omitted.)

Under the armed-with-a-firearm exclusion set forth in the Reform Act, the petitioning inmate is statutorily ineligible for resentencing relief if "[d]uring the commission of the current offense, the defendant . . . was armed with a firearm . . . ." (§§ 667, subd. (e)(2)(C)(iii) & 1170.12, subd. (c)(2)(C)(iii), which are cross-referenced in § 1170.126, subd. (e)(2); see *White*, *supra*, 223 Cal.App.4th at p. 523.)

As this court explained in *White*, a person is "armed with a firearm" within the meaning of the armed-with-a-firearm exclusion if he personally carries a firearm or otherwise has ready access to a firearm. (*White*, *supra*, 223 Cal.App.4th at pp. 524-525, citing *People v. Bland* (1995) 10 Cal.4th 991, 997 (*Bland*) ["'[i]t is the availability−the ready access−of the weapon that constitutes arming'"].)

If the petitioning inmate satisfies all three of the foregoing resentencing eligibility criteria, the trial court must resentence the inmate as a second strike offender unless the court, in the exercise of its discretion under subdivision (f) of section 1170.126, determines that such resentencing would pose an unreasonable risk of danger to public safety. (*White*, *supra*, 223 Cal.App.4th at p. 522.)

In determining whether a defendant is ineligible for resentencing under the Reform Act, a trial court examines the "conduct that occurs during the commission of an

6

offense." (*People* v. *Bradford* (2014) 227 Cal.App.4th 1322, 1333.) Thus, the trial court must "consider the nature of a petitioner's prior conviction. Specifically, the court must consider whether, during the commission of an offense that has been [most-recently adjudicated], 'the defendant used a firearm, was *armed with a firearm* or deadly weapon, or intended to cause great bodily injury to another person.'" (*Id.* at pp. 1338-1339, italics added.) "[T]he statutory language and framework of Proposition 36 contemplate a determination of a petitioner's eligibility for resentencing based on the record of conviction" as that phrase is defined in the line of cases addressing whether a prior conviction is a serious felony. (*Bradford*, at p. 1338, citing *People v. Guerrero* (1988) 44 Cal.3d 343 & *People v. Woodell*, *supra*, 17 Cal.4th 448.) The record of conviction includes (among other things) the trial and appellate record of the conviction and any appellate opinion in the case. (*People v. Woodell, supra,* 17 Cal.4th at p. 456.)

C. *Discussion of the Evidence at the 2008 Sentencing Hearing*

The appellate record contains the transcript of the sentencing proceeding held on May 16, 2008. Before it sentenced Hearn, the court heard and denied a defense motion under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero* motion), to dismiss one or more of Hearn's prior strikes. The court and the parties discussed Hearn's current offenses. As pertinent here, the prosecutor argued that "[w]e've got four counts, all of which included *using a pistol, either shooting somebody or shooting at somebody.*" (Italics added.) Indicating that the court had presided over the trial, the prosecutor stated that during the trial she "proved through ballistics that that gun had just been fired, so you

7

can consider everything you heard in the course of this trial. [¶] So the entire criminal history includes both possessing, using guns, shooting at people . . . ."

The court responded, "I recall part of the evidence was that it went through a wall and into a bedroom where there was [a] child?" The prosecutor indicated that the court was correct.

The court then stated, "No thanks to [Hearn] that nobody [was] hurt or killed. And the circumstances of that—that was—I thought that was rather outrageous that somebody was tailgating him or something so he got upset about that. So instead of just flipping the guy off or honking the horn or something like that, *he gets the gun and cranks off several rounds*. That just shows either a gross lack of judgment on his part or gross lack of control of his anger." (Italics added.) The court then stated, "[T]hose are facts of the situation where he was convicted that I can consider, not just the presence of the weapon, but *he actually fired* [*it*]. [T]hank God nobody was actually hurt or injured, but you've got to believe that those people throughout this house didn't consider that to be a minor matter when the bullet came by." (Italics added.) Defense counsel then submitted, and the court denied, Hearn's *Romero* motion. The court then imposed the sentence.

D. *Hearn's Petition*

In early December 2013, following the passage of Proposition 36, Hearn filed his petition under section 1170.126 arguing he was eligible under the Reform Act for the recall of his life sentence and for resentencing as a second strike offender. The People filed no written opposition.

8

On December 16, 2014, the court[9] heard Hearn's petition and stated it was taking judicial notice "of the findings of the jury as expressed in their verdicts."  Without an objection from defense counsel, the court summarized the jury's verdicts.  The court found there was "a fairly clear indication that he was armed" and indicated it had read Hearn's petition.

The court asked, "Anything further?"  Hearn's counsel responded, "Your Honor, we would just reiterate at the very least we believe this is the prosecution's burden to show [Hearn] is ineligible.  We received no moving papers, no record of conviction, no paperwork at all in regards to [Hearn's] eligibility.  Other than that, we would submit."

The court then asked the prosecutor, "Anything from the People?"  The prosecutor replied, "The People adopt and incorporate by reference the underlying record of conviction and the court's analysis and submit."

The court then denied Hearn's petition, finding he was "ineligible per the statute."  Hearn's appeal from the order denying his petition followed.

DISCUSSION

I. *SUFFICIENCY OF THE EVIDENCE AND DUE PROCESS*

Hearn contends the order denying his petition must be reversed because the court's finding that he was ineligible for a recall of his sentence under the Reform Act was not supported by substantial evidence and it violated his right to due process under the Fourteenth Amendment.  We reject Hearn's contentions.

---

9    Honorable David J. Danielsen.

9

A.  *Sufficiency of the Evidence*

Substantial evidence supports the court's findings that Hearn was armed with a firearm when he committed his current offenses within the meaning of the armed-with-a-firearm exclusion, and, thus, that he was ineligible for a recall of his life sentence and for resentencing under the Reform Act.  As pertinent here, the record of conviction shows the jury found Hearn guilty of carrying a concealed firearm in a vehicle (§ 12025(a)(1)) as charged in count 2, and of carrying a loaded firearm in public (§ 12031(a)(1)) as charged in count 3.  When the court sentenced Hearn in 2008, section 12025(a)(1) provided that a person was guilty of carrying a concealed firearm in a vehicle if he "*carrie*[*d*] concealed within any vehicle which [was] under his or her control or direction any pistol, revolver, or other firearm capable of being concealed upon the person."  Section 12031(a)(1) provided that a person was "guilty of carrying a loaded firearm when he or she *carrie*[*d*] a loaded firearm on his or her person or in a vehicle while in any public place or on any public street in an incorporated city or in any public place or on any public street in a prohibited area of unincorporated territory."

As already discussed, a person is "armed with a firearm" within the meaning of the armed-with-a-firearm exclusion if he personally carries a firearm or otherwise has ready access to a firearm.  (*White*, *supra*, 223 Cal.App.4th at pp. 524-525, citing *Bland*, *supra*, 10 Cal.4th at p. 997.)

By the plain, express terms of the two statutes under which Hearn was convicted of counts 2 and 3 by proof beyond a reasonable doubt in this case−sections 12025 (a)(1)

and 12031(a)(1)−he was "armed with a firearm," as under both statutes he "carried" the firearm.

Hearn suggests the evidence is insufficient to show he was armed with a firearm when he committed his offenses because the firearm in question could have been stored in the trunk of the vehicle he was driving so that he had no ready access to it. Specifically, citing *People v. Jones* (1977) 72 Cal.App.3d 624 (*Jones*), he asserts that "[a] defendant may carry a concealed firearm in a vehicle . . . and not be armed with that firearm. He may, for example, have placed the firearm in the trunk of his car."

Hearn's reliance on *Jones* is unavailing. In *Jones*, a police officer on patrol late at night saw the defendant driving a car that had no rear license plate illumination. (*Jones*, *supra*, 72 Cal.App.3d at p. 626.) The officer made a routine traffic stop and asked the defendant to step out of the car after the defendant's answers to questioning led the officer to suspect the defendant was impersonating a police officer. (*Ibid*.) When the officer asked the defendant whether he had any weapons in the trunk, the defendant said that he did not and gave the officer permission to search the trunk. (*Id*. at p. 627.) When the officer opened the trunk and found a small briefcase, the defendant said the briefcase was his and gave the officer permission to open it. (*Ibid*.) The officer found a loaded handgun inside the briefcase. (*Ibid*.) At trial, the defendant claimed the officer did not directly ask for defendant's permission to search the car. (*Ibid*.) The trial court found the search had been conducted pursuant to a valid consent. (*Ibid*.) The defendant was convicted of carrying a loaded firearm in a vehicle in violation of section 12031. (*Jones*, at p. 625.) On appeal, the defendant claimed the consent to search was vitiated by the

11

prolonged detention and interrogation that preceded it and that, in any event, the scope of the search exceeded the parameter of the consent. (*Id*. at p. 627.) The Court of Appeal rejected the defendant's claims and affirmed the judgment. (*Id*. at p. 628.)

A case is not authority for a proposition it does not address. (*People v. Alvarez* (2002) 27 Cal.4th 1161, 1176 (*Alvarez*).) Here, Hearn's reliance on *Jones*, *supra*, 72 Cal.App.3d 624, is unavailing because it did not address the issue of whether a defendant found guilty of carrying a loaded firearm in the trunk of his car in violation of section 12031 had ready access to, and thus was armed with, that firearm. *Jones* did not hold the defendant in that case was not armed with the handgun found in the briefcase in the trunk of his car. (See *Jones*, at pp. 626-628.)

Hearn also relies on *People v. Hodges* (1999) 70 Cal.App.4th 1348, where the defendant was convicted of carrying a concealed weapon in a vehicle in violation of section 12025(a). (*Hodges*, at p. 1352.) That case arose when the defendant stepped out of his car and a police officer found a gun in an unlocked case behind the passenger seat. (*Ibid*.) Hearn's reliance on *Hodges* is misplaced because it did not address the issue of whether a defendant found guilty of carrying a concealed firearm in an unlocked case behind the passenger seat of a vehicle in violation of section 12025(a) had ready access to, and thus was armed with, that firearm. (See *Alvarez*, *supra*, 27 Cal.4th at p. 1176.) *Hodges* did not hold the defendant in that case was not armed with the firearm found in the unlocked case behind the passenger seat his car. (See *Hodges*, at p. 1352.)

Here, the nature of the pertinent charges alleged in counts 2 (§ 12025(a)(1)) and 3 (§ 12031(a)(1)) and the record of Hearn's conviction of those offenses establish that, even

if Hearn kept the firearm in the trunk of his vehicle, he had ready access to that firearm and, thus, was armed with it within the meaning of the armed-with-a-firearm exclusion. The parties have cited no case authority, and we are aware of none, that is exactly on point. However, case law involving analogous factual scenarios supports our conclusion that substantial evidence supports the court's finding that Hearn was armed with a firearm when he committed his offenses. In *People v. Searle* (1989) 213 Cal.App.3d 1091 (*Searle*), for example, the defendant pleaded guilty to carrying a concealed firearm in a vehicle in violation of section 12025(a). (*Searle*, at p. 1095.) The record of conviction showed the defendant carried the loaded handgun in a compartment in the back of his car. (*Ibid.*) On appeal, the *Searle* court concluded the defendant was armed with that firearm because it was located in his car and was available for use even though it was in a compartment in the back of his car. (*Id*. at p. 1099.)

More recently, in *People v. Elder* (2014) 227 Cal.App.4th 1308 (*Elder*)— a case that did not involve a vehicle—the defendant, who (like Hearn) had been convicted of being a felon in possession of a firearm, appealed an order denying his petition for the recall of his 1995 indeterminate life sentence and for resentencing under the Reform Act. (*Elder*, at pp. 1311-1312.) The record of conviction showed that law enforcement officers, in executing a search warrant at the defendant's apartment, found a handgun in an unlocked safe in a bedroom. (*Id*. at p. 1317.) In finding the defendant was ineligible for resentencing, the trial court found the prosecution had proved beyond a reasonable doubt that the defendant possessed the firearm under conditions in which it was readily available for use even though it was stored in a safe, and thus the defendant was armed

13

during his commission of his commitment offense. (*Ibid.*) The Court of Appeal affirmed the order, concluding the trial court properly found the defendant was ineligible for resentencing under the Reform Act. (*Id.* at pp. 1317-1318.)

Here, the record of conviction shows Hearn was convicted of carrying a concealed firearm in his car. Even if, as Hearn suggests, he may have placed the firearm in the trunk of his car, the record of conviction shows he had ready access to that firearm, and, thus, he was armed with it when he committed his commitment offenses. (See *Searle, supra,* 213 Cal.App.3d at pp. 1095, 1099; *Elder*, *supra*, 227 Cal.App.4th at p. 1317.) Accordingly, we conclude substantial evidence supports the court's finding that Hearn was armed with a firearm within the meaning of the armed-with-a-firearm exclusion when he committed his offense and therefore he was ineligible for resentencing under the Reform Act.[10]

B. *Due Process*

Hearn also contends the order denying his petition must be reversed because the court's finding he was ineligible for a recall of his sentence under the Reform Act violated his right to due process under the Fourteenth Amendment. Specifically, he asserts the court violated his constitutional right to due process because the court "did not give [him] access to the record it considered [or a] chance to contest the evidence against him."

---

[10] In light of our conclusion, we need not address Hearn's claim that in determining the issue of his eligibility for resentencing, the court improperly considered statements made during the 2008 sentencing proceeding, because (Hearn asserts) "the sentencing hearing does not form part of [his] record of conviction."

14

Hearn's contention is unavailing. His own petition for the recall of his life sentence and for resentencing under the Reform Act correctly reflects the portion of the record of conviction concerning the relevant charges against him at issue here and the fact of his conviction of those offenses. Specifically, Hearn's petition correctly stated that he "was convicted of the following crime[s]: Penal Code sections 12012(a), 12025(a)(1), 12031(a)(1) . . . ." In his prior appeal, Hearn did not challenge the sufficiency of the evidence supporting the jury's findings that he "carrie[d]" a firearm in his car within the meaning of sections 12025(a)(1) (count 2) and 12031(a)(1) (count 3), and he does not do so in this appeal. Furthermore, a formal hearing is not required on the initial eligibility determination because a trial court is limited to the record of conviction and cannot consider new evidence. (*People v. Bradford, supra,* 227 Cal.App.4th at p. 1341.) Thus, as Hearn was not entitled to a hearing with respect to whether he was eligible for resentencing under the Reform Act, his due process rights were not violated.

II. *HEARN HAD NO RIGHT TO A JURY TRIAL ON THE ISSUE OF ELIGIBILITY*

Last, relying in large part on *Apprendi v. New Jersey* (2000) 530 U.S. 466 (*Apprendi*),[11] Hearn claims he was entitled under the Sixth and Fourteenth Amendments "to have a jury determine beyond a reasonable doubt whether . . . he had been armed with a firearm."

_____

[11] In *Apprendi*, *supra*, 530 U.S. at page 490, the court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."

However, Hearn correctly acknowledges that "the Court of Appeal has held that petitioners for recall of sentences under section 1170.126 are not entitled to have a jury decide eligibility under the reasonable doubt standard." (See *People v. Guilford* (2014) 228 Cal.App.4th 651, 662-663; *People v. Bradford, supra,* 227 Cal.App.4th at pp. 1334-1336; *Elder*, *supra*, 227 Cal.App.4th at p. 1315; *People v. Blakely* (2014) 225 Cal.App.4th 1042, 1060-1061; *People v. Osuna* (2014) 225 Cal.App.4th 1020, 1039-1040; *People v. Superior Court* (*Kaulick*) (2013) 215 Cal.App.4th 1279, 1304-1305.)  We will follow existing case law.

## DISPOSITION

The order denying Hearn's Penal Code section 1170.126 petition for the recall of his 25-year-to-life sentence and for resentencing is affirmed.


NARES, Acting P. J.

WE CONCUR:


McINTYRE, J.


AARON, J.

16